UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE OTIS GIBSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6243** |
| **FIFTH CIRCUIT COURT OF APPEALS JUDGES, ET AL.** | **SECTION: "I" (5)** |

### REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Clarence Otis Gibson, against Defendants, Louisiana Fifth Circuit Court of Appeal Judges. By amended complaint he specifically names Judges Fredericka Homberg Wicker, Susan M. Chehardy and Jude Gravois. He alleges that the panel's ruling on direct appeal erroneously affirmed his illegal sentencing for sexual battery imposed in the 24th JDC for the Parish of Jefferson. Gibson requests compensatory damages. ECF Nos. 1, 4.

As noted above, Plaintiff has initiated this suit *in forma pauperis* pursuant to 28 U.S.C. §1915. A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993); if it fails to state a claim upon which relief can be granted, 28 U.S.C. §1915(e)(2)(B)(ii); or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Liberally construing the instant complaint, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed with prejudice.

The claim against the defendant appellate judges should be dismissed because the judges are immune, and the claim is frivolous and fails to state a claim for which relief may be granted. "[J]udges are absolutely immune from monetary liability 'for all judicial acts that are not performed in the clear absence of jurisdiction, however erroneous the act and however evil the motive.'" *Cain v. City of New Orleans*, 184 F.Supp.3d 379, 388 (E.D. La. 2016) (Vance, J.) (quoting *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989) (further citations omitted)). Here, the judges are immune for judicial acts that were done within their jurisdiction.

In determining whether a given action was taken in a judicial capacity, the following factors are considered:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citation omitted). "Immunity may be applied even if one or more of these factors is not met." *Morrison v. Walker*, 704 F. App'x 369, 373 (5th Cir. 2017). In this case, the judicial action complained of by Gibson was the court of appeal's finding of harmless error in upholding his sentence on direct appeal. Nevertheless, that ruling rendered by the appellate judges was issued as a normal judicial function in reviewing a criminal case on direct appeal, and it falls squarely within the scope of their judicial capacity.

As to jurisdiction, Gibson does not suggest the court acted in the absence of jurisdiction, and, indeed, "[w]here a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Ballard*, 413 F.3d at 517 (quotation and citation omitted). The Louisiana Fifth Circuit Court of Appeal had jurisdiction over Gibson's direct appeal from his criminal conviction and sentence rendered in the 24th J.D.C. for Jefferson Parish. LSA-Const. Art. 5, § 10. Thus, despite Gibson's disagreement with the ruling on appeal, nothing in the complaint suggests that the judges' alleged actions were taken in the absence of jurisdiction. *See Greenlee v. U.S. Dist. Court*, No. 09-2243, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump v. Sparkman*, 435 U.S. 349, 363 (1978). Because the alleged actions were taken in a judicial capacity and were not taken in the clear absence of jurisdiction, the appellate judges are entitled to absolute immunity from monetary damages. *See Williams v. Clerk of Court of St. Tammany Parish, et al.*, Civ. Action No. 23-142, 2023 WL 4865348, at *2-3 (E.D. La. July 31, 2023) (Africk, J.).[1]

## RECOMMENDATION

For the foregoing reasons, it is recommended that Gibson's complaint requesting monetary relief against an immune defendant be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and §1915A.

---

[1] Injunctive relief, if sought, would also be barred by absolute judicial immunity. *Id*. (citing *NAACP v. Reeves*, --- F.Supp.3d ----, 2023 WL 3767059 (S.D. Miss. June 1, 2023).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this  31st  day of   October      , 2023

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.